Robert Foster Kennedy, Respondent, v. Lawrence Mulli-
gan and Patrick H. Sullivan, as Executors, etc., of Timo-
thy D. Sullivan, Deceased, Appellants.

(*Supreme Court, Appellate Division, First Department, July* 10, 1916.)

Decedent's estate—Action by physician for services—Evidence—Tes-
timony by physician as to medical attendance inadmissible.

In an action by a physician to recover for services alleged to have been
rendered to the defendant's testator, evidence by the plaintiff as to
whether or not he attended the testator and as to what he did profes-
sionally, is inadmissible under section 829 of the Code of Civil Procedure.

Such medical attendance involves a transaction with a decedent as well
as communciations between the physician and the patient.

McLaughlin and Scott, JJ., dissented.

Appeal by the defendants, Lawrence Mulligan and another,
as executors, from a judgment of the Supreme Court in favor
of the plaintiff, entered in the office of the clerk of the county
of New York on the 23rd day of March, 1916, upon the verdict
of a jury, and also from an order entered in said clerk's office
on the 27th day of March, 1916, denying defendants' motion
for a new trial made upon the minutes, with notice of an inten-
tion to bring up for review an order entered in said clerk's office
on the 17th day of March, 1916, granting plaintiff interest on
the jury's verdict.

Oliver B. Goldsmith, for the appellants.

Frederick J. Moses, for the respondent.

Smith, J.— The plaintiff in this case is a physician suing
to recover for services alleged to have been rendered by him to
Timothy D. Sullivan prior to his death during his incompetency.
Before the death of Mr. Sullivan the plaintiff presented a claim

to the committee for $2,800 for his services, and upon the death of Mr. Sullivan filed a similar claim with the defendants. In both cases the claim was rejected. The plaintiff then sued for his services, and from a recovery in that action this appeal is taken.

Upon the trial of the action the plaintiff took the stand in his own behalf and testified in answer to questions of his counsel, " Doctor, did you attend Timothy D. Sullivan professionally ? " " I did." Again, his counsel asked him " * * * tell us what you did professionally in the care of Mr. Sullivan, treating him and advising him or his committee or those in charge of him ? " He answered, " On the 8th of February I have a note of a visit from Mr. Considine. On the same date I have a note that I went to Yonkers and there saw and examined Mr. Sullivan." The testimony in both of these instances was objected to as being contrary to the provisions of section 829 of the Code of Civil Procedure. The case of Griswold v. Hart (205 N. Y. 384) is the latest exposition of the scope and intent of this Code provision. The rule stated in that case is that whatever a person " derives from the personal presence of the deceased by the use of his senses is a communication from the deceased to him within the meaning of the statute." Again, the case says that the object of the statute was " to retain the equality between the parties which otherwise, under the new rule, would have been destroyed by the death of the deceased."

It seems clear that the testimony in the present case is objectionable. Medical attendance involves a transaction as well as communications between the physician and the patient. Upon the death of a patient testimony from him as to the facts of that attendance is rendered impossible, and under such circumstances it seems clear that the policy of the Code provision in question prohibits testimony by the other party to the transaction.

Criticism is made first that the objections under section 829

of the Code were not technically taken in proper time and form. As to that criticism, the question was raised at the beginning of the evidence and that the court intended to rule that the section was not applicable is apparent. It is further claimed that the objection to the question as to what the plaintiff did in the care of Sullivan, treating him or advising him or his committee or those in charge, should have been confined to the communications and transactions with the deceased, and not be made applicable to any transactions with the committee. This objection and ruling followed the decision of the court which overruled the objection under section 829 to the question asked as to whether the plaintiff attended Sullivan professionally. It is evident that the objection under this Code section was made clear to the presiding judge and that he intended to rule thereupon, and to hold that the defendant has not taken proper objections to review the decision would, we think, be hypercritical and would tend to pervert rather than to promote the due administration of the law. It is true that other like evidence was afterwards admitted to which the objection was not made, but after the court had held competent the evidence offered it would have been futile to continue the objections.

The judgment and order should be reversed and a new trial granted, with costs to appellants to abide the event.

CLARKE, P. J., and PAGE, J., concurred; McLAUGHLIN and SCOTT, JJ., dissented.

Judgment and order reversed and new trial ordered, with costs to appellants to abide event.